IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL FILE NO. |
| v. | 1:16-CR-145-3-TWT |
| MANGWIRO SADIKI-YISRAEL also known as Iz also known as Izzy, | |
| Defendant. | |

**ORDER**

This is a criminal RICO action. It is before the Court on the Report and Recommendation [Doc. 1495] of the Magistrate Judge recommending denying the Defendant's Motion to Reopen Evidence Regarding Motion to Suppress [Doc. 1413], Motion to Suppress Evidence and Request for Hearing under Franks v. Delaware [Doc. 1414], Motion to Strike or Dismiss Enhanced Sentencing Provisions [Doc. 1415], Motion to Dismiss or Strike Overt Acts 1 and 3 of Count One [Doc. 1416], Motion for Specific Brady Information [Doc. 1417], Motion for Return of Property [Doc. 1418], and Motion to Suppress Wire Tap Evidence Seized on TT3 [Doc. 1419].

I will not simply repeat the analysis of the Magistrate Judge in the thorough and well-reasoned Report and Recommendation. The subject matter of most of these motions has already been addressed in an earlier Report and Recommendation and Order. The Defendant has not met his burden of showing good cause to reopen the evidentiary hearing on his motion to suppress. The proffered testimony of Lisa Banks was available earlier and would not have changed the outcome of the hearing on the motion. There was probable cause to justify issuance of the search warrant for the residence. In any event, the fruits of the search are subject to the good faith exception to the exclusionary rule under Leon. There is no basis for the Court to order a Franks hearing. There has been no showing of any intentional or reckless falsehoods of material matters in the application for the search warrant. The Court will not ignore the statutory basis for the sentencing enhancement in Count One. The Eighth Amendment claim is premature. The motion to return property is too broad to put the Government to the burden of shifting through voluminous evidence. The motion to suppress intercepted communications fails to show that the statutory showing of necessity was not made in the application for the wiretap of TT3. The Defendant's Motion to Reopen Evidence Regarding Motion to Suppress [Doc. 1413], Motion to Suppress Evidence and Request for Hearing under Franks v. Delaware [Doc. 1414], Motion to Strike or Dismiss Enhanced Sentencing Provisions [Doc. 1415], Motion to

Dismiss or Strike Overt Acts 1 and 3 of Count One [Doc. 1416], Motion for Specific Brady Information [Doc. 1417], Motion for Return of Property [Doc. 1418], and Motion to Suppress Wire Tap Evidence Seized on TT3 [Doc. 1419] are DENIED.

SO ORDERED, this 18 day of October, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge