IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MANGWIRO SADIKI-YISRAEL, BOP Reg. No. 70002019, Movant, | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | CRIMINAL ACTION NO. 1:16-cr-0145-TWT-JKL-3 |
| UNITED STATES OF AMERICA, Respondent. | CIVIL ACTION NO. 1:24-cv-0890-TWT-JKL |

**FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Movant Mangwiro Sadiki-Yisrael's motions to withdraw his 28 U.S.C. § 2255 motion to vacate. (Docs. 3857, 3858.) As background, on February 27, 2024, Movant filed a *pro se* § 2255 motion challenging his 2021 conviction and sentence in this Court for racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (*See* doc. 3794 at 1; doc. 3529 at 1.) In the § 2255 motion, Movant complained that his former counsel, Attorney L. Burton Finlayson, had failed to turn over his casefile to Movant. (Doc. 3794-1 at 4.) On March 3, 2024, Attorney Finlayson filed a motion to lift the protective order entered in this case on May 16, 2016. (Doc. 3794.) Attorney Finlayson explained that the protective order prevented him from turning his casefile over to movant because the "vast majority" of the casefile was subject to the protective

order. (*Id.* at 1-4.) After considering the motion and the government's response in opposition, this Court entered an Order on June 14, 2024, denying former counsel's request to lift the May 16, 2016, protective order. (Doc. 3826.) Instead, this Court appointed counsel, Attorney Ashley Carnage, to represent Movant in his § 2255 proceedings, directed former counsel to turn over his casefile to Movant's appointed § 2255 counsel, and directed appointed counsel to file an amended § 2255 motion. (*Id.* at 4-6.) On October 7, 2024, Movant, through appointed counsel, filed a proposed amended § 2255 motion and a motion pursuant to Fed. R. Civ. P. 15(c) to relate the proposed amended claims back to Movant's original, timely § 2255 motion. (Doc. 3850.)

On October 23, 2024, Movant filed a *pro se* motion to immediately withdraw his § 2255 motion. (Doc. 3857 at 1.) Movant stated that he had "carefully considered all [his] options" and had directed his § 2255 counsel to "file any and all necessary paperwork to dismiss [his] § 2255 motion." (*Id.*) Movant further stated that he was fully satisfied with appointed counsel's representation, and that counsel's performance had no bearing on his decision to withdraw his § 2255 motion. (*Id.*)

On October 29, 2024, Attorney Carnage filed a motion to withdraw the § 2255 motion, in accordance with Movant's instructions. (Doc. 3858.) Attorney Carnage notes that Movant's *pro se* letter-motion demonstrates on the record that Movant's request is knowingly, voluntarily, and intelligently made, and that it does not appear that Movant intends to represent himself in further § 2255 proceedings. (*Id.* at 1-2.) Accordingly, Attorney Carnage requests that these § 2255 proceedings be voluntarily withdrawn at the direction of her client. (*Id.*)

No answer-response has yet been filed in this action, and the government has not opposed Movant's motions to voluntarily withdraw his § 2255 motion. As a result, the undersigned finds that the government will not suffer "clear legal prejudice" as a result of the withdrawal of the § 2255 motion. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (explaining that a court should "bear in mind" the interests of the respondent when considering a motion for voluntary withdrawal) (internal quotation omitted).

Accordingly, **IT IS RECOMMENDED** that (1) Movant's motions to withdraw the § 2255 motion [3857], [3858] be **GRANTED**, (2) the § 2255 motion [3794] and proposed amended § 2255 motion [3850] be **WITHDRAWN**, and (3) this action be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO RECOMMENDED**, this 31st day of October, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge